UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURELWOOD INDUSTRIES INCORPORATED, doing business as Automation GT, a California corporation,<br><br>     Plaintiff,<br>v.<br><br>PETER GOTTSCHLICH, and individual; AUTOMATION GT, a California corporation; and DOES 1 through 30, inclusive,<br><br>     Defendants. | Civil No. 15cv1256 JAH (RBB)<br><br>**ORDER DENYING DEFENDANT'S REQUEST FOR APPOINTMENT OF COUNSEL** [Doc. # 10] |

Pending before this Court is Defendant Gottschlich's Motion for Appointment of Counsel. Doc. # 10. On August 26, 2015, Defendant Gottschlich requested the appointment of counsel pursuant to 42 U.S.C. § 2000e 5(f)(1) to assist him in defending this civil action. See Doc. # 10 at 1. Defendant asserts that the court should appoint an attorney to represent him in this matter because (1) this action against Defendant "requires proper legal advice"; (2) Defendant is currently unemployed and almost out of money; and (3) Defendant needs to keep the money he has to avoid bankruptcy. Id. at 2. Defendant attempted to obtain one attorney and made no further efforts. Id. at 3. For the reasons set forth below, the Court **DENIES WITHOUT PREJUDICE** Defendant's motion for appointment of counsel.

There is no constitutional right to be represented by counsel in a civil action. Hedges v. Resolution Trust Corp., 32 F.3d 1360, 1363 (9th Cir. 1994); See Hernandez v. Whiting, 881 F.2d 768, 770-71 (9th Cir. 1989). Under 28 U.S.C. § 1915(e)(1), however, district courts may appoint counsel for indigent litgants under "exceptional circumstances." See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)). Determining whether "exceptional circumstances" exist requires a court to evaluate (1) the likelihood of success on the merits, and (2) the ability of the petitioner to articulate his claims pro se in light of the complexity of the issues. Id. "Neither of these issues is dispositive and both must be viewed together before reaching a decision." Id.

Here, Defendant's indigence and corresponding inability to pay for counsel has not been established. See Doc. # 10 at 2. However, the Court does not need to address the indigence prong as Defendant's motion clearly failed to meet other requirements. Defendant did not make a "reasonably diligent effort" to obtain counsel. See Bailey v. Lawford, 835 F. Supp. 550, 552 (S.D. Cal. 1993). Defendant only contacted one attorney, who merely told the Defendant that the claims were not suited to be defended in federal court. Doc. # 10 at 3. Moreover, Defendant failed to state grounds that would allow this Court to determine whether exceptional circumstances exist. Defendant failed to argue why he would succeed on the merits, after a Default was entered against him due to his failure to defend the initial complaint. Doc. # 8. Defendant also failed to articulate his claims beyond saying the civil action against him "requires proper legal advice." See Docs. # 8, 10. Defendant's statement neither expresses Defendant's likelihood of success on the merits nor articulates the complexity of the issues involved.

Accordingly, IT IS HEREBY ORDERED that Defendant Gottschlich's request for appointment of counsel is DENIED without prejudice.

Dated: October 23, 2015

_____
JOHN A. HOUSTON
United States District Judge